**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT E. WALLACE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-cv-00350-SEP |
| | ) |
| MDOC POTOSI GOVERNMENT | ) |
| ENTITY EMPLOYEES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Robert E. Wallace, Sr.'s motion for leave to proceed *in forma pauperis*. Doc. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $57.20. *See* 28 U.S.C. § 1915(b)(1). Additionally, having conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915, for the reasons set forth below, the Complaint will be dismissed.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward those monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed *in forma pauperis*, Plaintiff has submitted a copy of his inmate account statement. Doc. 3. The account statement shows an average monthly

deposit of $286.00.  The Court will therefore assess an initial partial filing fee of $57.20, which is 20% of Plaintiff's average monthly deposit.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw upon judicial experience and common sense." *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "Liberal construction . . . mean[s] that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even *pro se* complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15; nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a self-represented litigant who is currently incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri, brings this civil action pursuant to 42 U.S.C. § 1983 for excessive force and retaliation, and names as Defendants:  the PCC, Alex Downey, and Caelan Upton.  Doc. 1 at 2-4.  Defendants are all sued only in their official capacities.

Plaintiff alleges that on October 20, 2021, while he was an inmate at the PCC, Defendants broke his finger, "busted open" his upper lip, and caused minor lacerations by "striking [him] with a closed fist."  Doc. 1 at 3.  Plaintiff claims that Downey and Upton attempted "to maintain control by striking [him and] breaking [his] finger," and that he yelled at them to let go of his hand while he "was face-down on [a] concrete floor."

Attached to the Complaint are an informal resolution request, an informal resolution response, and a conduct violation report.  Doc. 1-2.  The Court will treat those attachments as part of the pleadings.[1]  In his informal resolution request, Plaintiff alleges that Downey and Upton used force against him due to an "active lawsuit" he has against them.  He again alleges that to maintain control, Downey and Upton slammed him on the floor, punched him with a closed fist, and used excessive force on his right wrist, breaking his finger.  According to the conduct violation report and informal resolution response, however, officers were attempting to place wrist restraints on Plaintiff after he reported suicidal ideations.  At that point, Plaintiff spit in Upton's face, and began kicking, screaming, and refusing directives.

Due to the above incident, Plaintiff alleges that he suffered a "busted" and "bruised upper lip," along with swelling caused by "a closed fist" strike.  Doc. 1 at 6.  He states that an x-ray showed a chipped bone in his finger.  Doc. 1 at 7.  He seeks $1 million in punitive damages only.

## Discussion

The Complaint is deficient and subject to dismissal for three reasons.  First, Plaintiff's claim against the PCC is not cognizable under 42 U.S.C. § 1983, and is barred by the doctrine of

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *see also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) ("the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

sovereign immunity.  The PCC is a state prison, and any claim against it is treated as a claim against the State of Missouri itself.  A state is not a "person" for purposes of a § 1983 claim for money damages.  *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).  In addition, the Eleventh Amendment bars suits against a state or its agencies for any kind of relief, not merely monetary damages.  *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (district court erred in allowing plaintiff to proceed against state university for injunctive relief).

Second, Plaintiff sues Defendants in their official capacities only.  An official-capacity claim against an individual is treated as a suit against the governmental entity employing that person.  *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer").  Defendants Downey and Upton are allegedly employed by the State of Missouri.  A state official acting in his or her official capacity is not a "person" for purposes of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983").  Moreover, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."  *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Third, even if he had sued Defendants Downey and Upton in their individual capacities, Plaintiff would not have stated an excessive force claim against them, because he does not adequately allege that the force used against him was applied "maliciously and sadistically to cause harm."  *See Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (core judicial inquiry in Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").  While Plaintiff insists that excessive force was used, that he was hit with a closed fist, and that he injured his finger, he acknowledges that Downey and Upton were trying "to maintain control."  He also admits that he "was emotionally distraught" during this incident and "didn't comply."  His own exhibits demonstrate that he initiated the incident by spitting in an officer's face, kicking and screaming, and refusing to follow directives.  Thus, even accepted as true, Plaintiff's allegations do not establish that Downey and Upton used excessive force.

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $57.20 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915.  A separate Order of Dismissal shall be issued herewith.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel, Doc. 4, is **DENIED** as moot.

Dated this 7th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE